UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 21-cr-20682

v.                               Honorable Linda V. Parker

DOMINICK JACKSON,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Defendant Dominick Jackson pleaded guilty to two counts of aiding and abetting carjacking (Counts 1 and 3) and one count of brandishing a firearm during and in relation to a crime of violence (Count 4) pursuant to a Rule 11 Plea Agreement. (ECF No. 32.) On October 24, 2023, the Court sentenced Defendant to terms of imprisonment of 18 months on Counts 1 and 3, to be served concurrently, and 84 months on Count 4 to be served consecutively to Counts 1 and 3. (ECF No. 62.) The matter is presently before the Court on Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582. (ECF No. 64.) In the motion, Defendant seeks application of an amendment to the United States Sentencing Guidelines relative to "status points." (*Id*.) Defendant also mentions his rehabilitation as a basis for a reduction in his sentence.

**Applicable Law**

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute allows a district court to reduce a defendant's sentence if three additional requirements are satisfied: (1) "extraordinary and compelling reasons" support a reduction; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the applicable factors in 18 U.S.C. § 3553(a) support relief. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The Sixth Circuit has found that the district court "is best situated to balance the § 3553(a) factors." *United States v. Kinkaid*, 802 F. App'x 187, 189 (6th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "And a district court acts within its discretion when it denies compassionate release based on the seriousness of the underlying offense." *United States v. Wright*, 991 F.3d 717, 719

(6th Cir. 2021).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

## Analysis

As a threshold matter, Defendant does not appear to have satisfied the exhaustion requirement in § 3582.  In any event, his motion fails on the merits. This is because the post-sentencing amendments he now asks the Court to apply were already taken into account at sentencing.  In the Statement of Reasons, the Court specifically noted that it "varied below the guidelines to take into account the upcoming guideline amendment that will effect the assessment of criminal history points."

As to Defendant's claim that his post-sentencing rehabilitation warrants compassionate release, while rehabilitation efforts may be considered by a court when deciding whether compassionate release is warranted, it cannot alone qualify as an "extraordinary and compelling" reason warranting release.  *United States v. Bass*, 17 F.4th 629, 637 (6th Cir. 2021); *see also United States v. Washington*, 122 F.4th 264, 268 (6th Cir. 2024) (citing 28 U.S.C. § 994(t)) ("Congress has instructed that 'rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for a sentence reduction.").

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (ECF

No. 64) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 24, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 24, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager